```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
```

MARK BERRY,04-B-0807,

        Petitioner,

          -v-                                  08-CV-0807(MAT)
                                              **ORDER**

DALE ARTUS,

        Respondent.

## I.   Introduction

Petitioner Mark Berry ("petitioner"), who is proceeding *pro se*, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his convictions for Course of Sexual Conduct Against a Child in the First Degree (N.Y. Penal L. § 130.75), two counts of Sodomy in the Second Degree (former N.Y. Penal L. § 130.45), and one count of Attempted Rape in the Second Degree (N.Y. Penal L. § 110.00/130.30), following a jury trial in Monroe County Supreme Court before Justice Francis A. Affonti. Petitioner was sentenced to an aggregate term of imprisonment of twenty-one years with five years of post-release supervision.

## II.   Factual Background and Procedural History

Petitioner was charged in Monroe County with sex counts of various sexual offenses against three underage victims: Bria B., Britney J., and Tashika P. The abuse was alleged to occurring over a period of four years, from 1997 to 2001. See Appx. A.

Brittany J. was the petitioner's cousin. Bria B. and Tashika P. were sisters, who, along with their mother, shared living

accommodations with Britney's mother (petitioner's aunt), Brenda, on and off from 1997 to 2000 in various apartments in the Rochester, New York area. T. 426-27, 438-40, 443, 454, 482-96, 675-87, 673-75, 692-98, 704-10.[1]

The three victims testified at trial to petitioner having sexual contact with them. Petitioner took the stand in his own defense, denying that he had ever touched any of the girls, but admitted that he frequently visited Brenda's home to smoke marijuana and drink alcohol. According to petitioner, it was a "party house" where people typically gathered to get "tore up." T. 771, 782-83, 785-87. He also testified that he had regularly sold cocaine, and that on one occasion he "jumped on" Brenda over a drug debt of $1500. He denied, however, that he beat Brenda because she reported his sexual abuse of the children to the police. T. 780-81, 793–96.

The jury acquitted petitioner on the first count of the indictment in connection with Bria B., and found petitioner guilty of the second, third, fifth, and sixth counts relating to Britney J. and Tashika P. T. 910-11. The fourth count, alleging a second incident of second-degree sodomy as to Tashika P., was dismissed by the trial court. T. 762-63. Petitioner was sentenced on July 1, 2004 to various, consecutive terms of imprisonment totaling 21 years. S. 12-13.

---

[1] Citations to "T.__" refer to the trial transcript; citations to "S.__" refer to the sentencing transcript.

2

Petitioner appealed the judgment of conviction to the Appellate Division, Fourth Department, on the following grounds: (1) A potential juror, who had disclosed that she was sexually abused as a child, should have been removed for cause; (2) a second potential juror should have been struck for cause after she informed the court that she had trouble with the English language; (3) the trial court comitted reversible error in refusing to allow Britney J.'s aunt to testify about statements made by Britney indicating she had been sexually abused by a person other than petitioner; and (4) the sentence imposed was harsh and excessive. See Respondent's Appendix ("Appx.") D. The Fourth Department unanimously affirmed the judgment of conviction. People v. Berry, 43 A.D.3d 1365 (4th Dept. 2007), lv. denied, 9 N.Y.3d 1031 (2008).

The instant petition for habeas corpus followed, in which petitioner alleges the same grounds for relief as he did in his appellate brief. See Petition ("Pet.") ¶ 22 (Dkt. #1). For the reasons that follow, the Court finds that petitioner is not entitled to the writ, and the petition is dismissed.

**III. Discussion**

    **A.    General Principles Applicable to Federal Habeas Review**

        **1.    Standard of Review**

To prevail under 28 U.S.C. § 2254, as amended in 1996, a petitioner seeking federal review of his conviction must demonstrate that the state court's adjudication of his federal

constitutional claim resulted in a decision that was contrary to or involved an unreasonable application of clearly established Supreme Court precedent, or resulted in a decision that was based on an unreasonable factual determination in light of the evidence presented in state court. See 28 U.S.C. § 2254(d)(1), (2); Williams v. Taylor, 529 U.S. 362, 375-76 (2000).

### 2. Adequate and Independent State Ground Doctrine

It is a well-settled aspect of federal habeas jurisprudence that if "a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred" absent (1) a showing of cause for the default and actual prejudice attributable thereto, or (2) a showing that failure to consider the claims will result in a "fundamental miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 750 (1991). A state ground will create procedural default sufficient to bar habeas review if the state ground first was an "independent" basis for the decision; this means that "the last state court rendering a judgment in the case clearly and expressly state[d] that its judgment rests on a state procedural bar." In addition, the state procedural bar must be "adequate" to support the judgment-that is, it must be based on a rule that is "'firmly established and regularly followed' by the state in question." Garcia v. Lewis, 188 F.3d 71, 77 (2d Cir. 1999) (quoting Ford v. Georgia, 498 U.S. 411, 423-24 (1991)).

If a state court holding contains a plain statement that a claim is procedurally barred then the federal habeas court may not review it, even if the state court also rejected the claim on the merits in the alternative. See Harris v. Reed, 489 U.S. 255, 264 n.10 (1989) ("a state court need not fear reaching the merits of a federal claim in an alternative holding" so long as it explicitly invokes a state procedural rule as a separate basis for its decision).

**B. Merits of the Petition**

**1. Right to a an Impartial Jury**

Petitioner contends that he was denied his right to a fair and impartial jury because two potential jurors should have been removed for cause when one juror disclosed that she had been the victim of sexual abuse and another juror informed the trial court that she had trouble with the English language[2]. Pet. ¶ 22(A)-(B).

With regard to first juror in question, the Appellate Division declined to review petitioner's argument, finding it unpreserved and citing to N.Y. Crim. Proc. L. § 470.05(2).[3] Berry, 43 A.D.3d at 1366. As to the second juror, the appellate court held,

> We reject the further contention of defendant that the court erred in denying his challenge

---

[2] Both jurors were ultimately excused peremptorily.

[3] The statute, known as the "contemporaneous objection rule," requires that an objection to an alleged error be made "at the time of such ruling or instruction or at any subsequent time when the court ha[s] an opportunity of effectively changing the same." N.Y. Crim. Proc. L. § 470.05(2).

5

> for cause with respect to a prospective juror who indicated that she did not understand the English language very well. That prospective juror stated that she had lived in the United States for 48 or 49 years, and the record establishes that her "ability to communicate in the English language was sufficient."

Id. (quoting People v. Chohan, 254 A.D.2d 124 (1st Dept. 1998); other citations omitted). Notwithstanding the procedural bar relating to the first part of petitioner's argument[4], both claims are without merit.

Under the Sixth Amendment, every criminal defendant has the right to trial by an impartial jury. Duncan v. Louisiana, 391 U.S. 145, 159 (1968). The Supreme Court has expressly held, however, that an erroneously denied challenge for cause by the defendant results in no constitutional error unless that juror is actually seated on the jury. Ross v. Oklahoma, 487 U.S. 81, 88 (1988); accord United States v. Martinez-Salazar, 528 U.S. 304, 313 (2000). That the petitioner had to use peremptory challenges to strike the jurors at issue is of no consequence, for "the loss of a peremptory challenge [does not] constitute[ ] a violation of the constitutional right[ ] to an impartial jury." Ross, 487 U.S. at 88. "So long as the jury that sits is impartial, the fact that the

---

[4] The Second Circuit has observed that "it is not the case 'that the procedural-bar issue must invariably be resolved first; only that it ordinarily should be.'" Dunham v. Travis, 313 F.3d 724, 729 (2d Cir. 2002) (quoting Lambrix v. Singletary, 520 U.S. 518, 525 (1997) (stating that bypassing procedural questions to reach the merits of a habeas petition is justified in rare situations, "for example, if the [the underlying issue] are easily resolvable against the habeas petitioner, whereas the procedural-bar issue involved complicated issues of state law")).

petitioner had to use a peremptory challenge to achieve that result does not mean the Sixth Amendment was violated." Id.; see also Martinez-Salazar, 528 U.S. at 307 ("[I]f the defendant elects to cure [a judge's error] by exercising a peremptory challenge, and is subsequently convicted by a jury on which no biased juror sat, he has not been deprived of any ... constitutional right.").

Here, neither of the jurors at issue were seated on petitioner's jury. The first juror was never subject to a "for cause" challenge but rather, was excused peremptorily by petitioner's trial counsel. T. 280. The second juror, following the trial court's denial of the challenge for cause, was subsequently removed by a peremptory challenge as well. T. 141. Because the allegedly biased prospective jurors did not actually sit on the jury, and because petitioner does not allege that any of the jurors sitting on the jury were biased, petitioner is not entitled to habeas relief. Accord, e.g., Cunningham v. Bennett, No. 02 CV 4635(ARR), 2005 WL 1162475, at *5 (E.D.N.Y. May 16, 2005).

### 2. Preclusion of Testimony

Petitioner next contends that he was deprived of a fair trial when the trial court precluded testimony from Britney J.'s aunt concerning a statement made by Britney that she had been sexually abused at a different time by a different individual. Pet. ¶ 22(C). The Appellate Division held:

> Defendant contends for the first time on appeal that the statement would have

7

> established that a person other than defendant
> had subjected that victim to sexual abuse. At
> trial, however, defendant contended that the
> statement was admissible because it concerned
> the victim's complaint of abuse by another
> person that occurred prior to, or in addition
> to, the abuse by defendant and was relevant in
> establishing whether there was a reason for
> the delay of the victim in reporting
> defendant's abuse of her. Because defendant's
> "offer of proof was insufficient to alert the
> trial court to the relevance of the
> testimony," i.e., that defendant allegedly was
> not the perpetrator of the abuse, we conclude
> that the court's refusal to allow the witness
> to testify with respect to the statement in
> question does not constitute reversible error.

Berry, 43 A.D.3d at 1366-67 (citing People v Arroyo, 77 N.Y.2d 947, 948 (1991)).

The respondent urges the Court to find petitioner's claim of evidentiary error procedurally barred. While it appears the Appellate Division set forth the factual predicate for a finding of procedural default, it did not state that the issue was not preserved and provided no explicit reference to a state procedural bar to form the basis for the rejection of petitioner's claim. The appellate court then went on to cite People v. Arroyo, which held that where a defendant made an insufficient offer of proof as to the relevancy of a defense witness, the trial court's preclusion could not have been reversible error[5]. 77 N.Y.2d at 948.

---

[5] Furthermore, courts in this Circuit sitting on habeas review have held that a finding of "no reversible error" constitutes an adjudication on the merits in an otherwise ambiguous state court decision. See Byron v. Ercole, No. 07 Civ. 4671, 2008 WL 2795898, *7 (E.D.N.Y. July 18, 2008)(citing Richardson v. Artuz, No. 97-CV-2128, 2004 WL 556688, *11 (E.D.N.Y. Mar. 22, 2004).

It is well-settled that where a state court "set forth the factual predicate for a finding of procedural default, [but] never actually stated that the issue was not preserved," there is no procedural bar, and the claim is subject to federal habeas corpus review. Jones v. Stinson, 229 F.3d 112, 118 (2d Cir. 2000); accord Fama v. Comm'r of Corr. Servs., 235 F.3d 804, 810 (2d Cir. 2001); Santorelli v. Cowhey, 124 F.Supp.2d 853, 856 (S.D.N.Y. 2000), aff'd, 4 Fed.Appx. 78 (2d Cir. 2001). Here, there was no express statement that the state court "actually relied on the procedural bar as an independent basis for its disposition." see Caldwell v. Mississippi, 472 U.S. 320, 327 (1985). Accordingly, it appears that petitioner's claim is not subject to a finding of procedural default and the Court shall examine the merits of petitioner's claim.

Generally, alleged evidentiary errors by a state trial court do not rise to the level of a federal constitutional violation. See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); Lipinski v. People of New York, 557 F.2d 289, 292 (2d Cir. 1977) ("The states have traditionally been accorded great latitude in determining rules of evidence to govern proceedings in their own courts. In this sensitive area, characterized by delicate and interrelated judgments of fairness and efficiency, the federal courts have trod lightly to refrain from abrasive disruptions of state procedures and to avoid rigidity in an area of law that should be, above all

others, empirical."). Thus, the task for the habeas court is to inquire into possible state evidentiary law errors at the trial level in order to ascertain whether the state court acted within the limits of what is objectively reasonable in finding no constitutional defect existed in petitioner's trial. Jones v. Stinson, supra, 229 F.3d at 120 (2d Cir. 2000) (citing Chambers v. Mississippi, 410 U.S. 284, 302-03 (1973) (erroneous exclusion of evidence amounts to constitutional error if it deprives the defendant of a fundamentally fair trial); see also Rosario v. Kuhlman, 839 F.2d 918, 924 (2d Cir. 1988) (same)). The Second Circuit has instructed that "whether the exclusion of [witnesses'] testimony violated [defendant's] right to present a defense depends upon whether 'the omitted evidence [evaluated in the context of the entire record] creates a reasonable doubt that did not otherwise exist.'" Justice v. Hoke, 90 F.3d 43, 47 (2d Cir. 1996) (quoting United States v. Agurs, 427 U.S. 97, 112 (1976)); accord Jones, 229 F.3d at 120.

During petitioner's trial, defense counsel informed that court that he sought to call Britney J.'s aunt to testify that Britney had previously said that her mother's boyfriend had sexually abused her. T. 581-91. On cross-examination, Britney J. denied making the statement. T. 734-35. The trial court determined that the aunt's testimony was inadmissible hearsay, and that the aunt would not be able to testify to contradict Britney's testimony because "that is

10

a collateral matter and I am not about to have additional third party witnesses for the purpose of whether or not such a statement was made." T. 764-65.

Under New York law, it is well-settled that "a party may not introduce extrinsic evidence on a collateral matter solely to impeach credibility." People v Alvino, 71 N.Y.2d 233, 247 (1987); see also People v. Simmons, 21 A.D.3d 1275 (4th Dept. 2005); People v. Jenkins, 186 A.D.2d 583 (2nd Dept. 1992). According to the defense's offer of proof, the testimony of Britney's aunt would not have been offered for the truth, "but merely for the fact of disclosure." T. 8-10. Because the aunt would have been called to contradict the testimony of Britney J., the proposed testimony did not go to a material issue in the case, but rather would have been used to impeach the victim's credibility. Accordingly, the trial court properly applied New York evidentiary rules in precluding the testimony.

Because petitioner's claim falls short of establishing an error under state law, he also cannot establish that his constitutional rights were violated by the trial court's preclusion of that evidence. See Green v. Herbert, No. 01CIV.11881, 2002 WL 1587133, at *12 (S.D.N.Y. Jul.18, 2002) ("The first step in this analysis is to determine whether the state court decision violated a state evidentiary rule, because the proper application of a presumptively constitutional state evidentiary rule would not be

11

unconstitutional."); see also Wade v. Mantello, 333 F.3d 51, 59 (2d Cir. 2003) ("Although the focus on the materiality of excluded testimony in the context of the entire record is ultimately necessary before it may be determined that a trial court's exclusion of evidence amounts to constitutional error . . . that inquiry may be premature if the trial court's ruling was proper."). Accordingly, habeas relief does not lie for this ground.

### 3. Harsh and Excessive Sentence

Petitioner concludes his petition by contending that his sentence is harsh and excessive. Pet. ¶ 22(4). A petitioner's assertion that a sentencing judge abused his discretion in sentencing is generally not a federal claim subject to review by a habeas court. See Fielding v. LeFevre, 548 F.2d 1102, 1109 (2d Cir. 1977) (petitioner raised no cognizable federal claim by seeking to prove that state judge abused his sentencing discretion by disregarding psychiatric reports) (citing Townsend v. Burke, 334 U.S. 736, 741 (1948) ("The [petitioner's] sentence being within the limits set by the statute, its severity would not be grounds for relief here even on direct review of the conviction, much less on review of the state court's denial of habeas corpus.")). Further, a challenge to the term of a sentence does not present a cognizable constitutional issue if the sentence falls within the statutory range. White v. Keane, 969 F.2d 1381, 1383 (2d Cir. 1992); accord Ross v. Gavin, 101 F.3d 687 (2d Cir. 1996) (unpublished opinion).

Here, petitioner was convicted of First Degree Course of Sexual Conduct Against a Child, a class B violent felony sex offense. For that he was sentenced to a determinate term of fifteen years incarceration. See N.Y. Penal L. § 70.80. For each count of Sodomy in the Second Degree, a class D felony, petitioner was sentenced to an indeterminate term of two and one-third to seven years. See id. Upon his conviction for Attempted Rape in the Second Degree, petitioner was sentenced to one and one-third to four years. Id. His sentences were ordered to be served consecutively. Since the sentences imposed were within the range prescribed by New York state law, petitioner has not presented a question of constitutional dimension. In addition, "there is no constitutionally cognizable right to concurrent, rather than consecutive, sentences." United States v. McLean, 287 F.3d 127, 136-37 (2d Cir. 2002) (internal quotations omitted); see also Charles v. Fischer, 516 F.Supp.2d 210, 224 (E.D.N.Y. 2007) (holding that the imposition of consecutive sentences under state law is not a ground for habeas relief); Figueroa v. Grenier, No. 02 Civ.5444 DAB GWG, 2005 WL 249001, *15 (S.D.N.Y. Feb.3, 2005) (same). Petitioner's claim must therefore be dismissed because it is not cognizable on habeas review.

**IV. Conclusion**

For the reasons stated above, Mark Berry's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 is denied, and the

action is dismissed.  Because petitioner has failed to make a "substantial showing of a denial of a constitutional right," 28 U.S.C. § 2253(c)(2), the Court declines to issue a certificate of appealability. See, e.g., Lucidore v. New York State Div. of Parole, 209 F.3d 107, 111-113 (2d Cir. 2000).  The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this judgment would not be taken in good faith and therefore denies leave to appeal as a poor person.  Coppedge v. United States, 369 U.S. 438 (1962).

**SO ORDERED.**

S/Michael A. Telesca

_____
MICHAEL A. TELESCA
United States District Judge

Dated:  December 9, 2010
        Rochester, New York